PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF TEXAS
_____ DIVISION

JUL 22 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

Lee E. Collins #896770
Plaintiff's Name and ID Number

Bexar County Adult Detention Center
Place of Confinement

SA25CA0873 JKP
CASE NO. _____
(Clerk will assign the number)

v.

City of San Antonio
~~Bexar County~~ 315 S. Santa Rosa, San Antonio, TX 78207
Defendant's Name and Address

Starbucks, San Pedro & Cypress, San Antonio, TX 78212
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. **PREVIOUS LAWSUITS:**

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _Around October or November 2021_

        2. Parties to previous lawsuit:
          Plaintiff(s) _Lee Collins_
          Defendant(s) _Bexar County_

        3. Court: (If federal, name the district; if state, name the county.) _Western District of Texas_

        4. Cause number: _SA-21-CV-01182XR_

        5. Name of judge to whom case was assigned: _Xavier Rodriguez_

        6. Disposition: (Was the case dismissed, appealed, still pending?) _Dismissed_

        7. Approximate date of disposition: _I believe November 2021_

2

II. PLACE OF PRESENT CONFINEMENT: Bexar County Adult Detention Center

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure?  ___YES  ✓ NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: LEE F. COLLINS, 200 N. Comal, San Antonio

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Deputy A. Urigas, badge #0043, District: 3220, Agency: San Antonio Police Department, 315 S. Santa Rosa, San Antonio, TX 78207

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
On 02/25/25 initially Plaintiff was arrested for Public intoxication. That (continued)

Defendant #2: S.A.P.D., 315 S. Santa Rosa, San Antonio, TX 78207

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
02/15/25 Plaintiff was arrested for Public intoxication; was not a danger to self or others.

Defendant #3: S.A.P.D., 315 S. Santa Rosa, San Antonio, TX 78207

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
12/14/24 Plaintiff was arrested for Public intoxication & Criminal trespassing. (continued)

Defendant #4: Starbucks, San Pedro & Cypress, San Antonio TX 78212; SAPD; 315 S. Santa Rosa, San Antonio, TX 78207

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
04/19/24 While at the outside Starbucks parking lot, Plaintiff and (continued)

Defendant #5: N/A

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
N/A

3

V. **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

(#3) 02/25/25, Plaintiff was walking that night along the sidewalk on Thousand Oaks after purchasing a pint of vodka from the liquor store. a S.A.P.D. approached Plaintiff and officer stopped Plaintiff he was responding to call allegation that Plaintiff was walking in the street. Plaintiff was not in the street when officer stopped Plaintiff and neither was Plaintiff a danger to himself or others. Officer noticed liquor bottle in Plaintiff's hand and arrested Plaintiff for public intoxication initially. However, once deputy verified Plaintiff's identity and discovered warrant for Plaintiff's arrest, Plaintiff was immediately arrested under warrant. While at the magistrate (continued)

VI. **RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want to be repaired for the damages suffered by defendants. I make for punitive damages against defendants and to be monetarily compensated, $100,000.00 for the entire attempt Municipality Pattern of vendictive, malicious intent due to arrests stemming from 12/14/24 to Present. Also to be compensated (continued)

VII. **GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

_LEE EDWARD COLLINS JR._

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

_N/A_

VIII. **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _N/A_
2. Case number: _N/A_
3. Approximate date sanctions were imposed: _N/A_
4. Have the sanctions been lifted or otherwise satisfied? _N/A_ ___YES ___NO

4

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES ✓NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): N/A
  2. Case number: N/A
  3. Approximate date warning was issued: N/A

Executed on: 07/21/25
            DATE

_____
Lee Collins
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this  21st   day of  July   , 20 25  .
            (Day)           (month)          (year)

_____
Lee Collins
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

DEFENDANT #1: (continued) That night, Plaintiff was walking along the sidewalk on Thousand Oaks, heading to the Circle K convenient store on Thousand Oaks and Wetmore. Plaintiff had left from the liqor store after purchasing a pint of vodka. While walking, S.A.P.D. vehicle approaches Plaintiff and officer stops Plaintiff and informs Plaintiff he was responding to an allegation that Plaintiff was walking in the street. When officer approached Plaintiff, Plaintiff was walking along the sidewalk. Officer observed the liqor bottle in Plaintiff's hand and arrested Plaintiff initially for public intoxication. However, once officer verified Plaintiff's identity and discovered warrant for his arrest, Plaintiff was immediately arrested under warrant. While at the magistrate, Plaintiff was given no breathelyzer test to determine his level of intoxication. Plaintiff was not a danger to himself or others to be initially arrested for public intoxication.

DEFENDANT #3: 01/15/25, after 32 days of being confined in the Sheriff's custody the case against Plaintiff was DISMISSED.

DEFENDANT #4: (continued) Plaintiff and a customer were engaged in a verbal altercation when customer pulled a pistol or exhibited a pistol, a deadly weapon, that in this manner of its use and intended use was capable of causing death and serious bodily injury, and the defendant did intentionally and knowingly threaten imminent bodily injury to Plaintiff by pointing said deadly weapon at Plaintiff. Situation was seen by several customers outside that day. S.A.P.D. arrived, no charges were filed against defendant and Plaintiff was given a criminal trespassing warning not to return to Starbucks location.

STATEMENT OF CLAIM: (continued) Plaintiff was not given a breathelyzer test to determine his level of intoxication. 02/15/25 (#3) - 2nd related incident, once again Plaintiff was walking along Thousand Oaks, pushing a shopping cart after purchasing (2) fifths of Paul Masson liqor from the liqor store. S.A.P.D. vehicle approached and stopped Plaintiff and

arrested him for Public intoxication. Plaintiff was not a danger to himself or others. 12/14/24, Officer observed Plaintiff dancing on the sidewalk on Thousand Oaks while drinking liquor. Officer arrested Plaintiff for Public intoxication and Criminal trespassing. Plaintiff was not a danger to himself or others and neither was Plaintiff on Private Property when arrested for Public intoxication and criminal trespassing. 01/15/25, after being wrongfully confined in the Sheriff's custody for 32 days, the case was DISMISSED. Brittany Sparks (atty) was Plaintiff's court appointed counsel. Just these (3) incidents-arrests that took place all on Thousand Oaks shows a pattern of malicious intent and vendetta of municipality stemming from Plaintiff's unlawful arrest and incarceration. 12/14/24. 04/19/24 Plaintiff and Starbucks customer were engaged in a verbal altercation outside on the parking lot. Defendant exhibited a deadly weapon, that in the manner of its use and intended use was capable of causing death and serious bodily injury and the defendant did intentionally and knowingly threaten imminent bodily injury to Plaintiff by pointing deadly weapon, namely a pistol at Plaintiff. Situation was witnessed by several customers outside that day. S.A.P.D. arrived and witness informed officer that defendant pointed his pistol at Plaintiff. No arrest or charges were filed against defendant. Plaintiff was given a criminal trespassing warning not to return to that Starbucks location. Due Process and Equal Protection of the Law provided and guaranteed by the 14th Amendment to the U.S. Constitution was denied Plaintiff.

VI. RELIEF: (continued) monetarily for the 32 days, (12/14/24 - 01/15/25) I spent incarcerated unlawfully and to be monetarily compensated for the time I'm incarcerated now for my initial arrest of Public intoxication (02/25/25) when I was not a danger to myself and others and due to the fact I was never given a brethelyzer test to determine my level of intoxication which disproves the allegation of Public intoxication being the cause of my initial arrest.

#2 of 2   *(#1) - 1st incident that initiated the 2 following arrests on Thousand Oaks